## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAIM SARWAR,<br><br>   *Plaintiff*,<br><br> v.<br><br>TUDOR LP,<br><br>   *Defendant*. | Civil Action No. 20-2775 (TJK) |

### ORDER

  Before the Court is Defendant Tudor LP's motion to dismiss Plaintiff Saim Sarwar's supplemental complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. The Court will deny the motion without prejudice because it will order Sarwar to file an amended supplemental complaint with additional allegations that fully detail the factual basis for his claim of standing.

*  *  *

  Sarwar is an individual with disabilities as defined by the Americans with Disabilities Act ("ADA") and a self-described ADA "tester." This suit—one of many he has filed—concerns Tudor LP's alleged violations of the ADA. Sarwar alleges that Tudor LP owns a hotel in the District of Columbia that accepts online reservations through several websites. The problem, according to Sarwar, is that the various reservation websites do not provide the information required under a specific ADA regulation—that is, the websites do not "[i]dentify and describe accessible features in the hotel[] and [available] guest rooms . . . in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). Sarwar alleges that he visited these websites to

plan a trip that he took in August through September 2021, which went "through" many states and the District of Columbia, including the area where Tudor LP's hotel is located. ECF No. 22-2 ¶ 13. But "because [Tudor LP's] hotel (and so many other hotels) failed to provide the information required" by the ADA regulation, he "experienced frustration, increased difficulty, stigmatic injury and dignitary harm because it was difficult to find hotels in which to stay, severely limited his options, and deprived [him] of full and equal access to the same goods and services enjoyed by non-disabled individuals." *Id.* Sarwar also states in his declaration that he "plan[s] to make" the same trip this year at the "end of August/beginning of September," and "before making [that] trip, [he] will be revisiting the online reservations systems of every hotel [he has] sued so that [he] can plan [his] trip." ECF No. 22-1 ¶ 6.

Tudor LP moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that Sarwar "has not suffered an actionable injury sufficient to establish standing." ECF No. 25-1 at 9. Tudor LP argues that Sarwar's allegations "fail[] to demonstrate that he possessed an actual intent to book a hotel room at [Tudor LP's] property"—which this Court takes as disputing that Sarwar has alleged that any ADA violation has affected him in a concrete way. *Id.*; *see Laufer v. Alamac Inc.*, No. 20-cv-02206 (TNM), 2021 WL 1966574, at *3–6 (D.D.C. May 17, 2021), *aff'd*, No. 21-7056, 2021 WL 4765435 (D.C. Cir. Sept. 10, 2021). Tudor LP also argues that Sarwar has not "establish[ed] a threat of actual and immediate *future* injury," which is necessary for his request for injunctive relief. ECF No. 25-1 at 9 (emphasis added).

The Supreme Court has explained that, when "ruling on a motion to dismiss for want of standing," the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). That said, "it is within the trial court's power to allow or to require the plaintiff to supply, by

2

amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Id.*; *see also Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) ("[W]hen a question of [] jurisdiction is raised, . . . the court may inquire, by affidavits or otherwise, into the facts as they exist."); *Shaffer v. Def. Intel. Agency*, No. 10-cv-2119 (RMU), 2012 WL 13041555, at *1 (D.D.C. Jan. 12, 2012) (ordering the plaintiff "to submit an amended complaint that fully details the factual basis for the plaintiff's claim of standing"); *Equal Rts. Ctr. v. Uber Techs., Inc.*, No. 17-cv-1272 (KBJ), 2018 WL 11246344, at *1–2 (D.D.C. Aug. 2, 2018) (ordering the plaintiff to supplement its amended complaint with an affidavit on standing).

Sarwar's pleadings, ECF Nos. 1, 22-1, & 22-2, do not allege enough facts about his August–September 2021 trip and anticipated August–September 2022 trip for the Court to assess whether he has adequately alleged standing. Thus, the Court will require Sarwar to file an amended supplemental complaint.

The amended supplemental complaint shall include factual allegations describing the purpose and itinerary of Sarwar's August–September 2021 trip, including:

- When the trip began and ended;
- Which cities and towns he visited;
- When he travelled to each city or town;
- What he did in each city or town;
- How long and when he remained in each city or town;
- Which cities or towns he stayed in overnight and when he stayed there; and
- How and when he looked for places to stay during the trip.

It shall also include factual allegations describing the purpose and itinerary of Sarwar's anticipated August–September 2022 trip, including:

- When the trip will begin and end;

- Which cities and towns he plans to visit;

- When he plans to travel to each city or town;

- What he plans to do in each city or town;

- How long and when he plans to stay in each city or town;

- Which cities or towns he plans to stay in overnight and when he plans to stay there;

- How and when he plans to look for places to stay during the trip.

*See Sarwar v. Patel Invs. Inc.*, No. 21-cv-118, 2022 WL 1422196, at *1–3 (D. Vt. May 5, 2022) (discussing facts relevant to the standing analysis).

The filing of this amended supplemental complaint will render Tudor LP's motion moot. *Gray v. D.C. Pub. Sch.*, 688 F. Supp. 2d 1, 6 (D.D.C. 2010) ("When a plaintiff amends her complaint, it renders a motion to dismiss that complaint moot."). Thus, the Court will deny the motion without prejudice.

\*     \*     \*

For all these reasons, it is hereby **ORDERED** that, by July 28, 2022, Sarwar shall file an amended supplemental complaint

It is further **ORDERED** that Tudor LP's motion to dismiss, ECF No. 25, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 7, 2022